# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| PETER BRAKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No.: 6:25-cv-00017 |
| LIBERTY UNIVERSITY, INC., DONDI E. | ) |
| COSTIN, ASHLEY REICH, STEVE | ) |
| FOSTER, and STEVE FERRO | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO FIRST AMENDED COMPLAINT

Defendants Liberty University, Inc. ("Liberty"), Dondi E. Costin ("Costin"), Ashley Reich ("Reich"), Steve Foster ("Foster"), and Steve Ferro ("Ferro") (collectively, "Defendants"), by counsel, for its Answer and Affirmative and Other Defenses to the First Amended Complaint ("Complaint"), ECF No. 49, filed by Plaintiff Peter Brake ("Plaintiff") states as follows:

1. In response to the allegations in Paragraph 1 of the Complaint, Defendants admit that Plaintiff purports to bring this action pursuant Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681 *et seq.*, the Uniformed Services Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4311-4335, the Virginia Whistleblower Protection Law ("VWPL"), Va. Code § 40.1-27.3, and the Virginia Human Rights Act ("VHRA"), § 2.2-3905(B)(1)(a)-(b). Defendants deny that they have violated Title IX, USERRA, the VWPL, the VHRA, or any other law, and further deny that Plaintiff is entitled to any relief. Defendants deny the remaining allegations in Paragraph 1.

2. In response to the allegations in Paragraph 2 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

3. In response to the allegations in Paragraph 3 of the Complaint, Defendants admit that Plaintiff was formerly employed as a full-time Investigator for Title IX in Liberty's Office of Equity and Compliance/Title IX, and also held positions as a part-time online adjunct professor in Liberty's School of Law and the Helms School of Government. Defendants deny the remaining allegations in Paragraph 3.

4. In response to the allegations in Paragraph 4 of the Complaint, Defendants admit that Plaintiff took a three and a half year leave of absence from Liberty. As to the remaining allegations in Paragraph 4, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

5. The allegations in Paragraph 5 of the Complaint consist of legal conclusions to which no response is necessary. To the extent a response is deemed required, Defendants deny such allegations.

6. The allegations in Paragraph 6 of the Complaint consist of legal conclusions to which no response is necessary. To the extent a response is deemed required, Defendants deny such allegations.

7. The allegations in Paragraph 7 of the Complaint consist of legal conclusions to which no response is necessary. To the extent a response is deemed required, Defendants deny such allegations.

8. In response to the allegations in Paragraph 8 of the Complaint, Defendants admit that Plaintiff was terminated from his employment within one year of returning from active military duty. Defendants deny the remaining allegations in Paragraph 8.

9. Defendants deny the allegations in Paragraph 9 of the Complaint.

10. In response to the allegations in Paragraph 10 of the Complaint, Defendants admit that Plaintiff purports to assert causes of action under Title IX, USERRA, the VWPL, and the VHRA. Defendants deny that Plaintiff is entitled to any relief requested or to any other relief. Defendants deny the remaining allegations in Paragraph 10.

11. In response to the allegations in Paragraph 11 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

12. In response to the allegations in Paragraph 12 of the Complaint, Defendants admit that Plaintiff was an employee of Liberty. The allegation that Plaintiff was employed by Liberty "at all relevant times" is vague and ambiguous; as such, Defendants lack knowledge or information sufficient to form a belief regarding the matter alleged and, therefore, such allegation is denied.

13. Defendants admit the allegations in Paragraph 13 of the Complaint.

14. In response to the allegations in Paragraph 14 of the Complaint, Defendants admit that Liberty employed Plaintiff. The allegation that Plaintiff was employed by Liberty "at all relevant times" is vague and ambiguous; as such, Defendants lack knowledge or information sufficient to form a belief regarding the matter alleged and, therefore, such allegation is denied. The remaining allegations in Paragraph 14 consist of legal conclusions to which no response is necessary. To the extent a response is deemed required, Defendants deny such allegations.

15.     Defendants admit the allegations in Paragraph 15 of the Complaint.

16.     In response to the allegations in Paragraph 16 of the Complaint, Defendants admit that Costin is a resident of the Commonwealth of Virginia and is the President of Liberty. The allegation that this was true "at all relevant times" is vague and ambiguous; as such, Defendants lack knowledge or information sufficient to form a belief regarding the matter alleged and, therefore, such allegation is denied.

17.     In response to the allegations in Paragraph 17 of the Complaint, Defendants admit that Reich is a resident of the Commonwealth of Virginia and that she has been Liberty's Senior Vice President of University Compliance. The allegation that this was true "at all relevant times" is vague and ambiguous; as such, Defendants lack knowledge or information sufficient to form a belief regarding the matter alleged and, therefore, such allegation is denied.

18.     In response to the allegations in Paragraph 18 of the Complaint, Defendants admit that Foster is a resident of the Commonwealth of Virginia and is Liberty's Executive Vice President of Human Resources. The allegation that this was true "at all relevant times" is vague and ambiguous; as such, Defendants lack knowledge or information sufficient to form a belief regarding the matter alleged and, therefore, such allegation is denied.

19.     In response to the allegations in Paragraph 19 of the Complaint, Defendants admit that Ferro is a resident of the Commonwealth of Virginia and is Liberty's Executive Director of Talent Development. The allegation that this was true "at all relevant times" is vague and ambiguous; as such, Defendants lack knowledge or information sufficient to form a belief regarding the matter alleged and, therefore, such allegation is denied.

20.     The allegations in Paragraph 20 of the Complaint consist of jurisdictional statements or legal conclusions to which no response is necessary. To the extent a response is

deemed required, Defendants do not presently contest subject matter or supplemental jurisdiction but deny that Plaintiff is entitled to any relief requested or to any other relief.

21. The allegations in Paragraph 21 of the Complaint consist of jurisdictional statements or legal conclusions to which no response is necessary. To the extent a response is deemed required, Defendants do not presently contest personal jurisdiction over Liberty but deny that Plaintiff is entitled to any relief requested or to any other relief.

22. The allegations in Paragraph 22 of the Complaint are not factual statements but are statements that venue is proper in this Court to which no response is necessary. To the extent a response is deemed required, Defendants do not presently contest venue in this Court but deny that Plaintiff is entitled to any relief requested or to any other relief.

23. In response to the allegation in Paragraph 23 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged, and therefore, such allegations are denied.

24. In response to the allegations in Paragraph 24 of the Complaint, Defendants admit that Plaintiff was issued a Notice of Right to File a Civil Action. Defendants lack knowledge or information sufficient to form a belief regarding the remaining matters alleged and, therefore, such allegations are denied.

25. In response to the allegations in Paragraph 25 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

26. In response to the allegations in Paragraph 26 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

27.     In response to the allegations in Paragraph 27 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

28.     In response to the allegations in Paragraph 28 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

29.     Defendants admit the allegations in Paragraph 29 of the Complaint.

30.     In response to the allegations in Paragraph 30 of the Complaint, Defendants admit that Plaintiff was formerly employed as an Investigator for Title IX in Liberty's Office of Equity and Compliance/Title IX. Defendants deny the remaining allegations in Paragraph 30.

31.     In response to the allegations in Paragraph 31 of the Complaint, Defendants admit that Plaintiff held a position as an Investigator for Title IX in Liberty's Office of Equity and Compliance/Title IX and part-time teaching positions as an online adjunct professor for Liberty's School Liberty's School of Law and the Helms School of Government.  Defendants deny the remaining allegations in Paragraph 31.

32.     Defendants deny the allegations in Paragraph 32 of the Complaint.

33.     In response to the allegations in Paragraph 33 of the Complaint, Defendants admit that Nathan Hopkins was the Executive Director/ Title IX Coordinator of Liberty's Office of Equity and Compliance/Title IX and that Plaintiff worked as an Investigator for Title IX in Liberty's Office of Equity and Compliance/Title IX. Defendants deny the remaining allegations in Paragraph 33.

34.     In response to the allegations in Paragraph 34 of the Complaint, Defendants admit that Plaintiff took a leave of absence from Liberty in or about January 2020. Defendants lack

knowledge or information sufficient to form a belief regarding the remaining matters alleged, and therefore, such allegations are denied.

35. In response to the allegations in Paragraph 35 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

36. In response to the allegations in Paragraph 36 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

37. In response to the allegations in Paragraph 37 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

38. In response to the allegations in Paragraph 38 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

39. In response to the allegations in Paragraph 39 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

40. Defendants admit the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. In response to the allegations in Paragraph 43 of the Complaint, Defendants admit that Plaintiff met with Reich following his return to Liberty. Defendants deny that this meeting

took place one week after Plaintiff's return, and affirmatively state that it took place four days after Plaintiff's return.

44. Defendants admit the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

50. In response to the allegations in Paragraph 50 of the Complaint, Defendants admit that Plaintiff generally stated that Liberty had to comply with USERRA, however, Defendants deny that Plaintiff reminded Reich that she had to do so.

51. Defendants admit the allegations in Paragraph 51 of the Complaint.

52. In response to the allegations in Paragraph 52 of the Complaint, Defendants admit that Costin asked whether Plaintiff had problems with his supervisors. Defendants deny the remaining allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

54. Defendants deny the allegations in Paragraph 54 of the Complaint.

55. In response to the allegations in Paragraph 55 of the Complaint, Defendants admit that Plaintiff submitted a letter regarding certain workplace concerns, which speaks for itself. Defendants deny any allegations in Paragraph 55 to the extent they mischaracterize the contents of the letter. To the extent that Plaintiff purports to summarize or characterize the contents of the letter, Defendants deny those characterizations and refer to the letter for its complete and accurate contents.

56.     In response to the allegations in Paragraph 56 of the Complaint, Defendants admit that Plaintiff submitted a letter regarding certain workplace concerns, which speaks for itself. Defendants deny any allegations in Paragraph 56 to the extent they mischaracterize the contents of the letter. To the extent that Plaintiff purports to summarize or characterize the contents of the letter, Defendants deny those characterizations and refer to the letter for its complete and accurate contents.

57.     In response to the allegations in Paragraph 57 of the Complaint, Defendants admit that Plaintiff submitted a letter regarding certain workplace concerns, which speaks for itself. Defendants deny any allegations in Paragraph 57 to the extent they mischaracterize the contents of the letter. To the extent that Plaintiff purports to summarize or characterize the contents of the letter, Defendants deny those characterizations and refer to the letter for its complete and accurate contents.

58.     In response to the allegations in Paragraph 58 of the Complaint, Defendants admit that Costin is a retired major general in the United States Air Force, who served as Chief of Chaplains of the United States Air Force and thanked Plaintiff. Defendants deny the remaining allegation in Paragraph 58.

59.     In response to the allegations in Paragraph 59 of the Complaint, Defendants admit that Plaintiff submitted a letter to Costin, and state that the letter speaks for itself. Defendants deny any allegations in Paragraph 59 to the extent they mischaracterize the contents of the letter. To the extent that Plaintiff purports to summarize or characterize the contents of the letter, Defendants deny those characterizations and refer to the letter for its complete and accurate contents. Defendants further admit that Costin confirmed whether Plaintiff intended the letter to remain anonymous to which Plaintiff replied that he had signed the letter.

60. In response to the allegations in Paragraph 60 of the Complaint, Defendants admit that Plaintiff submitted a letter regarding certain workplace concerns, which speaks for itself. Defendants deny any allegations in Paragraph 60 to the extent they mischaracterize the contents of the letter. To the extent that Plaintiff purports to summarize or characterize the contents of the letter, Defendants deny those characterizations and refer to the letter for its complete and accurate contents.

61. In response to the allegations in Paragraph 61 of the Complaint, Defendants admit that Plaintiff submitted a letter, and states that the letter speaks for itself. Defendants deny any allegations in Paragraph 61 to the extent they mischaracterize the contents of the letter. To the extent that Plaintiff purports to summarize or characterize the contents of the letter, Defendants deny those characterizations and refer to the letter for its complete and accurate contents.

62. The allegations in Paragraph 62 of the Complaint consist of legal conclusions to which no response is necessary. To the extent a response is deemed required, Defendants deny such allegations.

63. In response to the allegations in Paragraph 63 of the Complaint, Defendants admit that Plaintiff submitted a letter, and states that the letter speaks for itself. Defendants deny any allegations in Paragraph 63 to the extent they mischaracterize the contents of the letter. To the extent that Plaintiff purports to summarize or characterize the contents of the letter, Defendants deny those characterizations and refer to the letter for its complete and accurate contents.

64. Defendants admit the allegations in Paragraph 64 of the Complaint.

65. In response to the allegations in Paragraph 65 of the Complaint, Defendants admit that Reich and Plaintiff discussed Plaintiff's letter. Defendants deny the remaining allegations in Paragraph 65.

66.     In response to the allegations in Paragraph 66 of the Complaint, Defendants admit that Plaintiff e-mailed Costin and state that the e-mail speaks for itself. Defendants deny any allegations in Paragraph 66 to the extent they mischaracterize the contents of the e-mail. To the extent that Plaintiff purports to summarize or characterize the contents of the e-mail, Defendants deny those characterizations and refer to the e-mail for its complete and accurate contents.

67.     In response to the allegations in Paragraph 67 of the Complaint, Defendants admit that Costin e-mailed Plaintiff and state that the e-mail speaks for itself. Defendants deny any allegations in Paragraph 67 to the extent they mischaracterize the contents of the e-mail. To the extent that Plaintiff purports to summarize or characterize the contents of the e-mail, Defendants deny those characterizations and refer to the e-mail for its complete and accurate contents.

68.     In response to the allegations in Paragraph 68 of the Complaint, Defendants admit that Plaintiff raised pay and benefit issues with Liberty's Human Resources in November 2023. Defendants deny the remaining allegations in Paragraph 68.

69.     In response to the allegations in Paragraph 69 of the Complaint, Defendants admit that Plaintiff raised pay and benefit issues with Liberty's Human Resources in November 2023. Defendants deny the remaining allegations in Paragraph 69.

70.     In response to the allegations in Paragraph 70 of the Complaint, Defendants admit that in or about December 2023, Ferro confirmed that Plaintiff would receive an employment benefit. Defendants deny the remaining allegations in Paragraph 70.

71.     Defendants admit the allegations in Paragraph 71 of the Complaint.

72.     The allegations in Paragraph 72 of the Complaint consist of legal conclusions to which no response is necessary. To the extent a response is deemed required, Defendants deny such allegations.

73. In response to the allegations in Paragraph 73 of the Complaint, Defendants admit that on March 5, 2024, a public settlement was reached between Liberty and the United States Department of Education (the "Department") following an investigation of alleged Clery Act violations. Defendants deny the remaining allegations in Paragraph 73.

74. In response to the allegations in Paragraph 74 of the Complaint, Defendants admit that the Department released a Final Program Review Determination ("FPRD"), which is a matter of public record and speaks for itself. Defendants deny any allegations in Paragraph 74 to the extent they mischaracterize the contents of the FPRD. To the extent that Plaintiff purports to summarize or characterize the contents of the FPRD, Defendants deny those characterizations and refer to the FPRD for its complete and accurate contents.

75. In response to the allegations in Paragraph 75 of the Complaint, Defendants admit that the Department released a Final Program Review Determination ("FPRD"), which is a matter of public record and speaks for itself. Defendants deny any allegations in Paragraph 75 to the extent they mischaracterize the contents of the FPRD. To the extent that Plaintiff purports to summarize or characterize the contents of the FPRD, Defendants deny those characterizations and refer to the FPRD for its complete and accurate contents.

76. In response to the allegations in Paragraph 76 of the Complaint, Defendants admit that Liberty terminated the employment of two employees who worked in the OEC/Title IX office for violating Liberty policy. Defendants deny the remaining allegations in Paragraph 76.

77. In response to the allegations in Paragraph 77 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

78. In response to the allegations in Paragraph 78 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

79. In response to the allegations in Paragraph 79 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

80. In response to the allegations in Paragraph 80 of the Complaint, Defendants admit that Plaintiff and Reich met in Plaintiff's office on or about April 22, 2024. As to the remaining allegations in Paragraph 80 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

81. In response to the allegations in Paragraph 81 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

82. The allegations in Paragraph 82 of the Complaint consist of legal conclusions to which no response is necessary. To the extent a response is deemed required, Defendants deny such allegations.

83. Defendants deny the allegations in Paragraph 83 of the Complaint.

84. Defendants deny the allegations in Paragraph 84 of the Complaint.

85. The allegations in Paragraph 85 of the Complaint consist of legal conclusions to which no response is necessary. To the extent a response is deemed required, Defendants deny such allegations.

86. Defendants admit the allegations in Paragraph 86 of the Complaint.

87. In response to the allegations in Paragraph 87 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

88. Defendants deny the allegations in Paragraph 88 of the Complaint.

89. Defendants deny the allegations in Paragraph 89 of the Complaint.

90. Defendants deny the allegations in Paragraph 90 of the Complaint.

91. Defendants deny the allegations in Paragraph 91 of the Complaint.

92. The allegations in Paragraph 92 of the Complaint consist of legal conclusions to which no response is necessary. To the extent a response is deemed required, Defendants deny such allegations.

93. Defendants deny the allegations in Paragraph 93 of the Complaint.

94. Defendants deny the allegations in Paragraph 94 of the Complaint.

95. Defendants deny the allegations in Paragraph 95 of the Complaint.

96. Defendants deny the allegations in Paragraph 96 of the Complaint.

97. Defendants deny the allegations in Paragraph 97 of the Complaint.

98. Defendants deny the allegations in Paragraph 98 of the Complaint.

99. In response to the allegations in Paragraph 99 of the Complaint, Defendants admit that Plaintiff and Reich discussed the fact that any male respondent was entitled to be presumed not responsible for misconduct alleged by a female complainant, and that a male respondent's counter-complaint must be handled appropriately. Defendants deny that such conversation took place during the context of Plaintiff complaining about alleged Title IX violations at Liberty and deny the remaining allegations of Paragraph 99.

100. Defendants deny allegations in Paragraph 100 of the Complaint.

101. Defendants deny the allegations in Paragraph 101 of the Complaint.

102. Defendants deny the allegations in Paragraph 102 of the Complaint.

103. Defendants deny the allegations in Paragraph 103 of the Complaint.

104. Defendants deny the allegations in Paragraph 104 of the Complaint.

105. In response to the allegations in Paragraph 105 of the Complaint, Defendants admit that Plaintiff participated in an interview on or about May 1, 2024, as part of an investigation conducted by Liberty's Human Resources Department. Defendants deny the remaining allegations in Paragraph 105.

106. In response to the allegations in Paragraph 106 of the Complaint, Defendants admit that Plaintiff participated in a videotaped interview conducted by Ferro, which lasted for approximately one hour, on or about May 1, 2024. Defendants deny the remaining allegations in Paragraph 106.

107. In response to the allegations in Paragraph 107 of the Complaint, Defendants admit only that Plaintiff participated in a videotaped interview and state that the videotaped interview speaks for itself. Defendants deny any allegations in Paragraph 107 to the extent they mischaracterize the contents of the interview. To the extent that Plaintiff purports to summarize or characterize the videotaped interview, Defendants deny those characterizations and refer to the videotaped interview for its complete and accurate contents.

108. In response to the allegations in Paragraph 108 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

109.     In response to the allegations in Paragraph 109 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

110.     In response to the allegations in Paragraph 110 of the Complaint, Defendants state that Plaintiff participated in a videotaped interview, which speaks for itself. Defendants deny any allegations in Paragraph 110 to the extent they mischaracterize the contents of the videotaped interview. To the extent that Plaintiff purports to summarize or characterize the videotaped interview, Defendants deny those characterizations and refer to the videotaped interview for its complete and accurate contents.

111.     In response to the allegations in Paragraph 111 of the Complaint, Defendants state that Plaintiff participated in a videotaped interview, which speaks for itself. Defendants deny any allegations in Paragraph 111 to the extent they mischaracterize the contents of the videotaped interview. To the extent that Plaintiff purports to summarize or characterize the videotaped interview, Defendants deny those characterizations and refer to the videotaped interview for its complete and accurate contents.

112.     In response to the allegations in Paragraph 112 of the Complaint, Defendants state that Plaintiff participated in a videotaped interview, which speaks for itself. Defendants deny any allegations in Paragraph 112 to the extent they mischaracterize the contents of the videotaped interview. To the extent that Plaintiff purports to summarize or characterize the videotaped interview, Defendants deny those characterizations and refer to the videotaped interview for its complete and accurate contents.

113. In response to the allegations in Paragraph 113 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

114. In response to the allegations in Paragraph 114 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

115. In response to the allegations in Paragraph 115 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

116. In response to the allegations in Paragraph 116 of the Complaint, Defendants admit that Plaintiff was a mandatory Title IX reporter. Defendants lack knowledge or information sufficient to form a belief regarding the remaining matters alleged in Paragraph 116 and, therefore, such allegations are denied.

117. In response to the allegations in Paragraph 117 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

118. In response to the allegations in Paragraph 118 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

119. In response to the allegations in Paragraph 119 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

120. Defendants deny the allegations in Paragraph 120 of the Complaint.

121. Defendants admit the allegations in Paragraph 121 of the Complaint.

122. In response to the allegations in Paragraph 122 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

123. In response to the allegations in Paragraph 123 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

124. In response to the allegations in Paragraph 124 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

125. In response to the allegations in Paragraph 125 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

126. In response to the allegations in Paragraph 126 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

127. Defendants admit the allegations in Paragraph 127 of the Complaint.

128. Defendants deny the allegations in Paragraph 128 of the Complaint.

129. In response to the allegations in Paragraph 129 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

130. In response to the allegations in Paragraph 130 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

131. In response to the allegations in Paragraph 131 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

132. In response to the allegations in Paragraph 132 of the Complaint, Defendants admit that Plaintiff filed a complaint with the Department of Education's Office of Civil Rights ("OCR"). Defendants lack knowledge or information sufficient to form a belief regarding the remaining matters alleged and, therefore, such allegations are denied.

133. Defendants admit the allegations in Paragraph 133.

134. Defendants admit the allegations in Paragraph 134.

135. Defendants admit the allegations in Paragraph 135.

136. In response to the allegations in Paragraph 136 of the Complaint, Defendants admit that Plaintiff submitted a complaint and state that the complaint speaks for itself. Defendants deny any allegations in Paragraph 136 to the extent they mischaracterize the contents of the complaint. To the extent that Plaintiff purports to summarize or characterize the complaint, Defendants deny those characterizations and refer to the complaint for its complete and accurate contents.

137. In response to the allegations in Paragraph 137 of the Complaint, Defendants admit that Plaintiff submitted a complaint and state that the complaint speaks for itself. Defendants further admit that Liberty maintains written policies including the Sexual Misconduct Policy referenced in Paragraph 137, which speaks for itself. Defendants deny any allegations in

Paragraph 137 to the extent they mischaracterize the contents of the complaint or the policy. To the extent that Plaintiff purports to summarize or characterize the complaint or the policy, Defendants deny those characterizations and refer to the complaint and the policy for their complete and accurate contents.

138. In response to the allegations in Paragraph 138 of the Complaint, Defendants admit that Plaintiff submitted a complaint and state that the complaint speaks for itself. Defendants deny any allegations in Paragraph 138 to the extent they mischaracterize the contents of the complaint. To the extent that Plaintiff purports to summarize or characterize the complaint, Defendants deny those characterizations and refer to the complaint for its complete and accurate contents.

139. In response to the allegations in Paragraph 139 of the Complaint, Defendants admit that Plaintiff submitted a complaint and state that the complaint speaks for itself. Defendants deny any allegations in Paragraph 139 to the extent they mischaracterize the contents of the complaint. To the extent that Plaintiff purports to summarize or characterize the complaint, Defendants deny those characterizations and refer to the complaint for its complete and accurate contents.

140. In response to the allegations in Paragraph 140 of the Complaint, Defendants admit that Liberty maintains written policies including the Nondiscrimination and Equal Opportunity Policy referenced in Paragraph 140, which speaks for itself. Defendants deny any allegations in Paragraph 140 to the extent they mischaracterize the contents of the policy. To the extent that Plaintiff purports to summarize or characterize the policy, Defendants deny those characterizations and refer to the policy for its complete and accurate contents.

141. In response to the allegations in Paragraph 141 of the Complaint, Defendants admit that Liberty maintains written policies including the Sexual Misconduct Policy referenced in Paragraph 141, which speaks for itself. Defendants deny any allegations in Paragraph 141 to the extent they mischaracterize the contents of the policy. To the extent that Plaintiff purports to summarize or characterize the policy, Defendants deny those characterizations and refer to the policy for its complete and accurate contents. Defendants deny the remaining allegations in Paragraph 141.

142. In response to the allegations in Paragraph 142 of the Complaint, Defendants admit that Liberty maintains written policies including the Nondiscrimination and Equal Opportunity Policy referenced in Paragraph 142, which speaks for itself. Defendants deny any allegations in Paragraph 142 to the extent they mischaracterize the contents of the policy. To the extent that Plaintiff purports to summarize or characterize the policy, Defendants deny those characterizations and refer to the policy for its complete and accurate contents.

143. In response to the allegations in Paragraph 143 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

144. In response to the allegations in Paragraph 144 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

145. In response to the allegations in Paragraph 145 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

146. In response to the allegations in Paragraph 146 of the Complaint, Defendants admit that Plaintiff was terminated on or about June 26, 2024. Defendants deny any assertion that Plaintiff's termination was in connection with any alleged complaints submitted by Plaintiff.

147. Defendants admit the allegations in Paragraph 147.

148. In response to the allegations in Paragraph 148 of the Complaint, Defendants admit that Plaintiff was told that he was being terminated for his failure to comply with Liberty's policies and practices. Defendants deny the remaining allegations in Paragraph 148.

149. In response to the allegations in Paragraph 149 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

150. In response to the allegations in Paragraph 150 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

151. In response to the allegations in Paragraph 151 of the Complaint, Defendants admit that Plaintiff e-mailed Costin on June 26, 2024. Answering further, Defendants state that, although Plaintiff may have intended to send this e-mail to Falwell, he actually sent it to Falwell's son, Jonathan Falwell, Jr., in addition to Costin.

152. In response to the allegations in Paragraph 152 of the Complaint, Defendants admit that Plaintiff sent the e-mail identified in Paragraph 152, which speaks for itself. Defendants deny any allegations in Paragraph 152 to the extent they mischaracterize the contents of the e-mail. To the extent that Plaintiff purports to summarize or characterize the e-mail, Defendants deny those characterizations and refer to the e-mail for its complete and accurate contents.

153. In response to the allegations in Paragraph 153 of the Complaint, Defendants admit that Plaintiff sent the e-mail identified in Paragraph 153, which speaks for itself. Defendants deny any allegations in Paragraph 153 to the extent they mischaracterize the contents of the e-mail. To the extent that Plaintiff purports to summarize or characterize the e-mail, Defendants deny those characterizations and refer to the e-mail for its complete and accurate contents.

154. Defendants deny the allegations in Paragraph 154 of the Complaint.

155. Defendants deny the allegations in Paragraph 155 of the Complaint.

156. Defendants deny the allegations in Paragraph 156 of the Complaint.

157. In response to the allegations in Paragraph 157 of the Complaint, Defendants admit that Plaintiff was terminated from his position as an Investigator for Title IX in Liberty's Office of Equity and Compliance/Title IX and as a part-time online adjunct professor in Liberty's School of Law and the Helms School of Government. Defendants deny the remaining allegations in Paragraph 156 of the Complaint.

158. Defendants deny the allegations in Paragraph 158 of the Complaint.

159. In response to the allegations in Paragraph 159 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

160. In response to the allegations in Paragraph 160 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding matters alleged and, therefore, such allegations are denied.

161. The allegations in Paragraph 161 of the Complaint consist of legal conclusions to which no response is necessary. To the extent a response is deemed required, Defendants admit

that Plaintiff's employment was terminated less than one year after his return from active duty. Defendants deny the remaining allegations in Paragraph 161.

162. Defendants deny the allegations in Paragraph 162 of the Complaint, including but not limited to those contained in Subparagraphs 161 (i) – (vi).

163. In response to the allegations in Paragraph 163 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

164. In response to the allegations in Paragraph 164 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

165. In response to the allegations in Paragraph 165 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

166. Defendants deny the allegations in Paragraph 166 of the Complaint.

167. In response to the allegations in Paragraph 167 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

168. In response to the allegations in Paragraph 168 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

169. In response to the allegations in Paragraph 169 of the Complaint, Defendants admit that Plaintiff's termination of employment resulted in the loss of all his employee benefits

obtained through Liberty, including tuition reimbursement benefits. Defendants deny the remaining allegations in Paragraph 169.

170. In response to the allegations in Paragraph 170 of the Complaint, Defendants incorporate the preceding paragraphs as if fully set forth herein.

171. The allegations in Paragraph 171 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendants deny such allegations.

172. In response to the allegations in Paragraph 172 of the Complaint, Defendants admit that Liberty is a recipient of federal funding. The remaining allegations in Paragraph 172 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

173. The allegations in Paragraph 173 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

174. The allegations in Paragraph 174 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

175. Defendants deny the allegations in Paragraph 175 of the Complaint, including but not limited to those in Subparagraphs 175 (a) – (g).

176. Defendants deny the allegations in Paragraph 176 of the Complaint, including but not limited to those in Subparagraphs 176 (a) – (c).

177. The allegations in Paragraph 177 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

178. The allegations in Paragraph 178 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

179. The allegations in Paragraph 179 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

180. In response to the allegations in Paragraph 180 of the Complaint, Defendants incorporate the preceding paragraphs as if fully set forth herein.

181. The allegations in Paragraph 181 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

182. The allegations in Paragraph 182 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

183. The allegations in Paragraph 183 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

184. The allegations in Paragraph 184 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

185. The allegations in Paragraph 185 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

186. The allegations in Paragraph 186 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

187. The allegations in Paragraph 187 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

188. The allegations in Paragraph 188 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

189. In response to the allegations in Paragraph 189 of the Complaint, Defendants admit that Costin, Reich and Foster had the decision-making authority to retain, discipline, or terminate Plaintiff's employment with Liberty, and admit that Reich and Foster acted to terminate Plaintiff's employment. Defendants deny the remaining allegations in Paragraph 189.

190. The allegations in Paragraph 190 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

191. The allegations in Paragraph 191 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

192. The allegations in Paragraph 192 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

193. In response to the allegations in Paragraph 193 of the Complaint, Defendants incorporate the preceding paragraphs as if fully set forth herein.

194. The allegations in Paragraph 194 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

195. The allegations in Paragraph 195 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

196. The allegations in Paragraph 196 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

197. In response to the allegations in Paragraph 197 of the Complaint, Defendants admit that Plaintiff received an evaluation, which speaks for itself. Defendants deny any allegations in Paragraph 197 to the extent they mischaracterize the contents of the evaluation. To the extent that Plaintiff purports to summarize or characterize the evaluation, Defendants deny those characterizations and refer to the evaluation for its complete and accurate contents. Defendants deny the remaining allegations in Paragraph 197.

198. In response to the allegations in Paragraph 198 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

28

199. Defendants deny the allegations in Paragraph 199 of the Complaint.

200. In response to the allegations in Paragraph 200 of the Complaint, Defendants admit that Plaintiff filed a written complaint, which speaks for itself. Defendants deny any allegations in Paragraph 200 to the extent they mischaracterize the contents of the complaint. To the extent that Plaintiff purports to summarize or characterize the evaluation, Defendants deny those characterizations and refer to the complaint for its complete and accurate contents.

201. In response to the allegations in Paragraph 201 of the Complaint, Defendants admit that Reich and Foster (as agents of Liberty) made the decision to terminate Plaintiff's employment, but deny this allegation as to Costin and Ferro. The remaining allegations in Paragraph 201 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

202. Defendants deny the allegations in Paragraph 202 of the Complaint.

203. The allegations in Paragraph 203 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

204. The allegations in Paragraph 204 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

205. In response to the allegations in Paragraph 205 of the Complaint, Defendants incorporate the preceding paragraphs as if fully set forth herein.

206. The allegations in Paragraph 206 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

207. The allegations in Paragraph 207 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

208. Defendants deny the allegations in Paragraph 208 of the Complaint, including but not limited to those in Subparagraphs 208 (a) – (g).

209. The allegations in Paragraph 209 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

210. The allegations in Paragraph 210 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

211. In response to the allegations in Paragraph 211 of the Complaint, Defendants incorporate the preceding paragraphs as if fully set forth herein.

212. The allegations in Paragraph 212 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

213. The allegations in Paragraph 213 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

214. The allegations in Paragraph 214 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

215. The allegations in Paragraph 215 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

216. The allegations in Paragraph 216 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

217. The allegations in Paragraph 217 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

218. In response to the allegations in Paragraph 218 of the Complaint, Defendants incorporate the preceding paragraphs as if fully set forth herein.

219. The allegations in Paragraph 219 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

220. The allegations in Paragraph 220 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

221. In response to the allegations in Paragraph 221 of the Complaint, Defendants admit that Plaintiff received an evaluation, which speaks for itself. Defendants deny any allegations in Paragraph 221 to the extent they mischaracterize the contents of the evaluation. To the extent that Plaintiff purports to summarize or characterize the evaluation, Defendants deny those characterizations and refer to the evaluation for its complete and accurate contents. Defendants deny the remaining allegations in Paragraph 221.

222. In response to the allegations in Paragraph 222 of the Complaint, Defendants lack knowledge or information sufficient to form a belief regarding the matters alleged and, therefore, such allegations are denied.

223. Defendants deny the allegations in Paragraph 223 of the Complaint.

224. In response to the allegations in Paragraph 224 of the Complaint, Defendants admit that Plaintiff filed a written complaint, which speaks for itself. Defendants deny any allegations in Paragraph 224 to the extent they mischaracterize the contents of the complaint. To the extent that Plaintiff purports to summarize or characterize the evaluation, Defendants deny those characterizations and refer to the complaint for its complete and accurate contents.

225. In response to the allegations in Paragraph 225 of the Complaint, Defendants admit that Reich and Foster (as agents of Liberty) made the decision to terminate Plaintiff's employment. The remaining allegations in Paragraph 225 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

226. Defendants deny the allegations in Paragraph 226 of the Complaint.

227. The allegations in Paragraph 227 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

228. The allegations in Paragraph 228 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny such allegations.

229. In response to the allegations following Paragraph 228 of the Complaint under "PRAYER FOR RELIEF," Defendants assert that the prayer for relief is not a factual allegation to

which a response is required.  To the extent a response is deemed required, Defendants deny that they are liable to Plaintiff or that they violated any legal right or duty owed to Plaintiff or anyone else, deny that Plaintiff or any other persons are entitled to the relief requested or to any other relief, and demands strict proof thereof.  Defendants deny further all allegations in Plaintiff's prayer for relief following Paragraph 228.

Defendants deny all allegations contained in the Complaint that they have not expressly admitted in this Answer and reserve the right to amend this Answer as necessary.

**<u>AFFIRMATIVE AND OTHER DEFENSES</u>**

In further answer to the Complaint, Defendants set forth the following affirmative and other defenses:

1.     Defendants Costin, Reich, Foster and Ferro were not Plaintiff's employer, and may not be held liable for the claims made in the Complaint in the absence of facts establishing their individual liability under applicable law.

2.     To the extent that Plaintiff has failed to mitigate, minimize, or avoid any damages allegedly sustained, any recovery against Defendants must be reduced.

3.     At all times relevant to this matter, Defendants based their decisions regarding Plaintiff's employment on legitimate, nondiscriminatory business reasons.  To the extent that the Court concludes that an unlawful consideration was a motivating factor, Defendants would have taken all employment actions respecting Plaintiff even in the absence of any such impermissible factor.

4.     Liberty and the individual Defendants who were decision-makers had good cause for terminating Plaintiff's employment.

5.     Any damages awarded to Plaintiff are barred by the after-acquired evidence doctrine, to the extent such facts are revealed in discovery or otherwise.

6.     The Complaint, and each cause of action therein, is barred in its entirety based upon the ministerial exception as outlined in *Our Lady of Guadalupe Sch. V. Morrissey-Berru*, 140 S.Ct. 2049 (2020), and other supporting case law.

7.     The Complaint fails to state a cause of action upon which relief may be granted with respect to any alleged report by Plaintiff in which he (a) did not act in good faith; or (b) did not state facts that would constitute a violation of a state or federal law or regulation.

34

8. Count VI of the Complaint fails to state a claim upon which relief may be granted because such claim is preempted by the VWPL, Virginia Code § 40.1-27.3, which contains a subsequently enacted and more specific cause of action for the alleged harms Plaintiff has asserted.

9. Plaintiff's claims for damages as to the fourth count are unavailable as a matter of law pursuant to the VWPL, Virginia Code § 40.1-27.3.

10. Plaintiff has failed to plead a sufficient basis for the recovery of punitive damages under the law.

11. To the extent Plaintiff seeks to recover attorneys' fees, Plaintiffs have failed to state facts sufficient for a claim to support the award of attorneys' fees. Defendants reserve the right to challenge any award of attorneys' fees as unreasonable.

12. The Complaint contains insufficient information to permit Defendants to raise all available defenses and Defendants therefore reserve their right to amend and/or supplement this Answer and these defenses to assert additional defenses.

Defendants expressly reserve the right to assert additional defenses, counterclaims, or any other claims it may deem appropriate after further proceedings in this case.

WHEREFORE, Defendants respectfully request that this Court enter an order dismissing the Complaint in its entirety and awarding Defendants its attorney's fees and costs for defending this suit and for such other relief as the Court may deem appropriate.

Respectfully submitted,

WOODS ROGERS VANDEVENTER BLACK PLC

*s/ King F. Tower*
King F. Tower (VSB No. 38767)
Raven C. Burks (VSB No. 98123)
king.tower@woodsrogers.com
raven.burks@woodsrogers.com
10 South Jefferson Street, Suite 1800
Roanoke, Virginia 24011
Telephone: (540) 983-7541
Facsimile: (540) 983-7711

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on November 10, 2025, the foregoing was filed electronically with the Clerk of Court

using the CM/ECF system, which will send notification of such filing (NEF) to counsel of record.


*s/ King F. Tower*