CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

1/29/2026

LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
     DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| PETER BRAKE,<br><br>　　　　　　　　　　　　*Plaintiff,*<br><br>v.<br><br>LIBERTY UNIVERSITY, INC.; DONDI COSTIN; ASHLEY REICH; STEVE FOSTER; AND STEVE FERRO,<br><br>　　　　　　　　　　　　*Defendants.* | CASE NO. 6:25-CV-00017<br><br><br>MEMORANDUM OPINION<br><br><br>JUDGE NORMAN K. MOON |

  Defendants Liberty University ("Liberty"), Dondi E. Costin ("Costin"), Ashley Reich ("Reich"), Steve Foster ("Foster"), and Steve Ferro ("Ferro") (collectively, "Defendants") move the Court to grant partial summary judgment of Plaintiff Peter Brake's ("Brake") amended complaint. Dkts. 40, 49. Brake, a former employee of Liberty, alleges six causes of action: (i) a retaliation claim under Title IX of the Education Amendments of 1972 ("Title IX"), in violation of 21 U.S.C. § 1681 *et seq.*; (ii) a discrimination claim under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), in violation of 38 U.S.C. § 4311(a); (iii) a retaliation claim under USERRA, in violation of § 4311(b); (iv) a violation of the Virginia Whistleblower Protection Act ("VWPA"), Va. Code § 40.1-27-3; (v) a discrimination claim under the Virginia Human Rights Act ("VHRA"), Va. Code §§ 2.2-3905(B)(1)(a)-(b); and (vi) a retaliation claim under VHRA, Va. Code §§ 2.2-3905(B)(7)(i). Liberty moves the Court for summary judgment on Counts I, III, and IV, which it refers to as the "Retaliation Counts." Dkt. 41 at 1. Despite the significant discovery delays cause by Brake's counsel, the Court will grant

his cross-motion to amend/correct his responses to the requests for admission and will deny the Defendants' motion for partial summary judgment as moot. Dkts. 40, 45.

## BACKGROUND

Beginning in June 2019, Brake "was employed as a full-time Civil Rights Investigator in Liberty's Office of Equity and Compliance/Title IX, and also held positions as a part-time online adjunct professor in Liberty's School of Law and Liberty's Helms School of Government." Dkt. 49 ¶¶ 3, 30-31. Brake, a "lawyer and retired United States Army Judge Advocate," had to "report for active duty with the United States Army, and took a three and a half year leave of absence" from 2020-2023. *Id.* ¶¶ 4, 34-35. Upon his return, he alleges being "subjected to discrimination by Defendants based on his protected veteran status," including finding his office "ransacked and without a chair or basic supplies" upon his return; having "one of [his] previously negotiated employment benefits" removed without notice; and being lied to regarding "the salaries Liberty was paying to recently hired investigators." *Id.* ¶¶ 5, 42, 46, 63.

During his time as an investigator, Brake reported to Costin, Liberty's president, "that there were problems in the OEC/Title IX Office," and later provided him a signed letter detailing these allegations. Dkt. 49 ¶¶ 51, 59. Brake also raised concerns regarding "multiple violations of Title IX and the Clery Act" to Reich[1] including a "report" "of nonconsensual sex" "involving Liberty employees" "John Doe . . . and Jane Roe." *Id.* ¶¶ 76, 80, 83, 84. Brake additionally told Reich that his supervisor, Friesma, "had wrongfully 'banned' from campus an accused respondent in a Title IX case, which prevented the accused from entering campus to attend investigative interviews and any other case related meetings" and that Friesma was "steering cases by forcing complainants into a Title IX process." *Id.* ¶¶ 90, 102.

---

[1] Ashley Reich, according to Brake, "is, and at all relevant times, was . . . Liberty's Senior Vice President of University Compliance." Dkt. 49 ¶ 17.

After Brake raised his concerns, he was "summoned to HR where he was subjected to a videotaped interrogation for more than an hour." Dkt. 49 ¶ 106. Brake "repeated to Ferro[2] what he had previously told Reich," and "Ferro erroneously stated that the issues concerning Doe and Roe were 'resolved.'" Id. ¶¶ 110-11. Brake told Ferro "that Liberty should hire outside counsel to investigate the conduct in the OEC/Title IX Office." Id.

Later that month, one of Brake's co-workers "approached Brake . . . to discuss sexual harassment by Friesma that she had experienced during her employment." Dkt. 49 ¶ 115. Brake "emailed Reich to report [these] allegations of sexual harassment" and corroborated them with the experience of a second coworker. Id. ¶ 117. Reich "ignored [the] report of sexual harassment" until one of the co-workers "refused to attend work meetings when Friesma was present." Id. ¶ 120. Friesma was later suspended. Id. ¶ 121.

After these reports, Brake "filed a complaint with the Department of Education's Office of Civil Rights ("OCR") . . . summarizing the allegations of Title IX violations which he had reported to Reich." Dkt. 49 ¶ 132. He also "filed a complaint against Reich with Liberty's OEC/Title IX Office," alleging two different violations. Id. ¶ 133. Liberty failed "to provide [Brake] a 'prompt and equitable process' for the resolution of his retaliation complaint," instead firing him a few weeks later. Id. ¶¶ 141, 143, 146.

Brake filed this case on February 21, 2025. Dkt. 1. On June 26, 2025, counsel for Defendants served written discovery requests on Brake, including Request for Admission 11 ("RFA 11"), which states, "[a]dmit that there is no evidence that you were retaliated against by anyone at Liberty for any alleged reports of violations of law." Dkt. 41 at Ex. A, RFA 11. Brake failed to respond for 75 days. Dkt. 41 at 2. Counsel re-served the requests on September 5, 2025.

---

[2] Steve Ferro, according to Brake, "is, and at all relevant times, was . . . Liberty's Executive Director of Talen Development." Dkt. 49 ¶ 19.

3

*Id.* Brake's counsel responded, saying she "[did] not believe they had come through initially" and promised to "forward responses ASAP." Dkt. 41-3. On September 26, the parties met and conferred regarding the outstanding discovery and to schedule Brake's deposition. *Id.* A few days later, on October 3, 2025, Brake's counsel produced some documents but said she was "in the process of finalizing" the responses. *Id.* Defendants brought the motion for partial summary judgment on October 7, 2025, alleging Brake's failure to timely respond to RFA 11 should be treated as an admission that "there is no evidence that [he was] retaliated against by anyone at Liberty for any alleged violations of law" under Federal Rule of Civil Procedure 36. Dkts. 40; 41 at 4. Brake responded to RFA 11 two days later, denying it, and provided further evidence of retaliation during his deposition on October 22. Dkt. 46 at 3-4.

## ARGUMENT

1. *Motion to Amend/Correct*

Federal Rule of Civil Procedure 36(a)(3) establishes that, during discovery, "a matter is admitted unless, within 30 days after begin served, the party to whom the request is directed, serve on the requesting party a written answer or objection." Courts have broad discretion to allow amendment of late RFAs as the "failure to file a timely response does not automatically require the court to deem matters admitted." *See Metpath, Inc. v. Modern Med.*, 1991 WL 87534, at *2 (4th Cir. 1991) (unpublished) (citing *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1312 (8th Cir.1983)); *United States v. PAT USA*, 2017 WL 3017041, at *2 (W.D. Va. July 14, 2017) (allowing amendment of untimely request for admission response). Relying on Federal Rule of Civil Procedure 36(b), courts carefully consider the prejudice to the requesting party in ruling on motions to amend, balancing potential harm with the interest in resolving cases on the merits. *See Sommerville v. Dobson*, 2011 WL 9160525, at *4 (E.D. Va. March 8, 2011) (denying

4

motion to amend "due to the prejudice to [Defendant] that would result"); *Rodriguez v. Ford Motor Co.*, 2023 WL 1416868, at *3 (W.D. Va. Jan. 31, 2023) ("[P]resentation of the merits weighs strongly in favor of allowing [Defendant] to withdraw its RFA admissions").

By allowing Brake to amend RFA 11, the Court allows the Retaliation Counts to be considered on the merits as denying the motion would "effectively end the case" in regard to these claims. *Rodriguez*, 2023 WL 1416868, at *3. Brake concedes that Defendants' discovery requests "remained unanswered until . . . counsel followed up on Plaintiff's responses on September 5, 2025." Dkt. 46 at 2. No evidence is in the record suggesting this significant delay was in bad faith, only inexcusable negligence.

Further, Defendants have not demonstrated prejudice to them that cannot be remedied through a less-drastic sanction, such as an award of expenses and fees. Although Brake's counsel significantly delayed discovery, Defendants eventually received full responses and deposed Brake while these motions have been pending. Dkt. 46 at 3-4. In both the responses and the deposition, Brake "provided evidence of retaliation by Defendants." *Id.* Additionally, "discovery in this matter remains ongoing," so Defendants will have time and opportunity to respond to the amended RFAs. Dkt. 47-1 ¶ 4.

Because amending the RFAs allows the Retaliation Counts to proceed on the merits, and because any prejudice to Defendants can be remedied by a less-drastic sanction, the Court will grant Brake's motion to amend/correct. Dkt. 45.

2. *Motion for Partial Summary Judgment*

Because the Court will grant the motion to amend/correct, the Court will deny the motion for partial summary judgment as moot. Dkt. 40. Despite this denial, the Court will impose a sanction on Brake for the significant discovery delays. District courts have considerable

5

discretion to determine if, and what, sanctions are appropriate under Rule 37(b). *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

As discussed above, the Court finds no evidence either that Brake acted in bad faith or that Defendants suffered prejudice that cannot be remedied through a less-drastic sanction. However, in order to deter Brake from this "particular sort of noncompliance," the Court will grant Defendants an award of reasonable expenses, including attorney's fees incurred in filing, briefing, and arguing the motion for partial summary judgment. *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001) (en banc). The Court will refer the question of the appropriate amount of reasonable expenses and fees to United States Magistrate Judge C. Kailani Memmer.

## CONCLUSION

Although Brake's counsel failed to respond and participate in discovery for almost three months, the Court will grant the motion to amend/correct responses to the requests for admission due to the strong preference for resolving cases on the merits and will deny the motion for partial summary judgment as moot. Dkt. 40, 45. The Court will award Defendants attorney's fees for the expense of bringing and arguing the motion.

A separate order will issue.

The Clerk of Court is directed to send a copy of this memorandum opinion to all counsel of record.

Entered this 29th day of January, 2026.

*/s/ Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE